IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOPE AMSPACHER, ADMINISTRATOR OF THE ESTATE OF ZACHARY KIRCHNER, and MATTHEW KIRCHNER, *Plaintiffs*, | : : : : : : : | NO. 1:23-cv-00286 |
| v. | : : | CIVIL ACTION |
| RED LION AREA SCHOOL DISTRICT, et. al., *Defendants*. | : : : : | JURY TRIAL DEMANDED |

## UNCONTESTED MOTION FOR PARTIAL SETTLEMENT AND OF DISMISSAL OF DEFENDANTS DM AND TF

Plaintiffs hereby file the within Uncontested Motion for Partial Settlement and Dismissal of Defendants DM and TF only, and in support thereof, state as follows:

1. As explained herein, Plaintiffs seek to settle the Estate's claim against DM and TF for a nominal figure ($1 each), and for the Court to dismiss Defendants DM and TF only, with prejudice.

2. Plaintiffs' initial Complaint was filed on February 1, 2023, related to the suicide of decedent Zachary Kircher, naming nine defendants: (1) Red Lion Area School District ("RASD"), (2) Jason Hoffman, (3) Officer Marc Greenly, and individual student defendants (4) DM, (5) CA, (6) LD, (7) TF, (8) CH, (9) WG, and (10) C.W.

3.  On March 28, 2024, the Court dismissed defendant Officer Marc Greenly. (See Doc. 56).

4.  On April 17, 2024, the Plaintiffs filed a Second Amended Complaint against 8 remaining defendants: (1) Red Lion Area School District ("RASD"), (2) Jason Hoffman, (4) DM, (4) CA, (5) LD, (6) TF, (7) CH, (8) WG, and (9) C.W.

5.  On October 30, 2024, the Court dismissed two more defendants: Jason Hoffman and WG. (See Doc. 94).

6.  That left seven defendants (1) RASD, (2) DM, (3) CA, (4) LD, (5) TF, (6) CH, and (7) CW.

7.  On May 2, 2025, the Court entered default as to three defendants CH, CW, and CA, for failure to respond. (See Doc. 112, 113, and 114). These parties remain defendants but are thus not actively participating in the litigation.

8.  Then, on December 4, 2025, the Plaintiff voluntarily dismissed defendant LD from this case. (See Doc. 125).

9.  As a result, the remaining three involved defendants as of this motion are: (1) RASD, (2) DM, and (3) TF.

10. On July 25, 2025, the Court stayed all case management deadlines to allow for settlement negotiations.

11. Plaintiffs file this Motion as the case has been resolved as to the two remaining individual defendants, DM and TF.

12. As explained herein, Plaintiffs ask this Court to approve the settlement with DM and TF and dismiss them, with prejudice, leaving RASD as the sole remaining defendant.

13. In "the Third Circuit when, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule(41)(a)(2) properly applies." Plasterer v. Hahn, 103 F.R.D. 184, 185 (M.D. Pa. 1984).

14. It "is well settled in this Circuit that Rule 41(a)(2) can be used by a plaintiff to dismiss an action against one party while continuing the lawsuit against other parties." Diorio v. Harry, 2022 U.S. Dist. LEXIS 244477, *4 (M.D. Pa. Aug. 2, 2022).

15. Here, as the sole remaining defendant, RLASD, does not object to the dismissal of DM and TF, there is no reason the Court should not grant this Motion.[1]

16. Plaintiffs seek this relief as Plaintiffs have settled their claims against DM and TF.

17. Plaintiff Hope Amspacher, as Administrator on behalf of the Estate, has agreed to settle the Estate's claims against DM and TF for $1.00 each.[2]

---

[1] The only reason to deny the motion would be "prejudice to [remaining defendants] resulting from the dismissal." Id. RLASD has raised no such arguments, and agreed this motion could be filed by consent.

[2] The total settlement as to both Plaintiffs is larger; however, Plaintiffs have asked the settling defendants pay all but $1 each to Plaintiff Matthew Kirchner, rather than the Estate. As Plaintiff Matthew Kirchner is an adult, and not an estate, minor, or

18. Regarding the terms of settlement, and approval of settlement, when facing the settlement of claims by an estate on behalf of a decedent, federal district courts apply state law.

19. Here, district courts "apply Pennsylvania substantive law [under Pa.R.C.P. 2206] because the settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally governed by state law and there is no conflicting federal interest." Wilson v. TA Operating, LLC, 2017 U.S. Dist. LEXIS 68136, *3-4 (M.D. Pa. 2017).

20. Under Pa.R.C.P. 2206, "when as the result of a … settlement or otherwise it has been determined that a sum of money is due the plaintiff in an action for wrongful death, the court, upon petition of any party in interest, shall make an order designating the persons entitled to share in the damages recovered and the proportionate share of the net proceeds to which each is entitled."

21. However, where there are no minor beneficiaries, a surviving spouse, nor issue of the Decedent, the Court "need not concern itself with the appropriate apportionment among several dependents or between a surviving spouse and the decedent's issue." Id.

---

incompetent, approval of Matthew Kirchner's settlement does not require court approval.

22. Here, Decedent Zachary Kirchner died at 15 years old; he had no spouse, nor any children. His sole surviving heir(s) are his parents, including Hope Amspacher, the Estate Administrator.

23. As such, the Court "need not concern itself with the appropriate apportionment," since there is no spouse nor surviving issue. Id.

24. Regardless, approval of settlement in the manner requested will maximize the recovery for Decedent's surviving brother, Plaintiff Matthew Kirchner, as is the wish of Hope Amspacher, both as Administrator and as Decedent's mother (and Plaintiff Matthew Kirchner's mother).

WHEREFORE, Plaintiffs request the Court enter the attached Order approving the settlement and dismissing this action as to DM and TF, only, with prejudice.

Dated: February 26, 2026                    **ANDREOZZI + FOOTE**

*/s/ Nathaniel L. Foote, Esq.*
Nathaniel L. Foote, Esq. (PA #318998)
nate@vca.law
4503 N. Front St., Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, hereby certify that I served the foregoing document on the individuals as listed below via ECF and/or first-class mail.

| | |
|---|---|
| David J. MacMain, Esquire<br>Tricia M. Ambrose, Esquire<br>MacMain Leinhauser PC<br>433 W. Market Street, Suite 200<br>West Chester, PA 19382<br>dmacmain@macmainlaw.com<br>tambrose@macmainlaw.com<br>*Counsel for Red Lion School District*<br><br>via ECF | Rolf E. Kroll, Esquire<br>Claire A. Murtha, Esquire<br>Margolis Edelstein<br>214 Senate Avenue, Suite 402<br>Camp Hill, PA 17011<br>rkroll@margolisedelstein.com<br>cmurtha@margolisedelstein.com<br>*Counsel for TF*<br><br>via ECF |
| Christopher M. Reese, Esquire<br>Marshall Dennehey<br>200 Corporate Center Drive, Suite 300<br>Camp Hill, PA 17011<br>cmreeser@mdwcg.com<br>*Counsel for DM*<br><br>via ECF | |

**ANDREOZZI + FOOTE**

Date: February 26, 2026         */s/ Nathaniel L. Foote*