# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOPE AMSPACHER, ADMINISTRATOR OF THE ESTATE OF ZACHARY KIRCHNER AND MATTHEW KIRCHNER | : | Docket No. 1:23-cv-00286 |
| Plaintiff, | : | |
| v. | : | |
| RED LION AREA SCHOOL DISTRICT, *et al.*, | : | |
| Defendants. | | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT RED LION AREA SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendant, the Red Lion Area School District (hereinafter "RLASD"), by and through its attorneys, MacMain Leinhauser PC, respectfully submit this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment as to which RLASD contends there are no genuine issues of material fact to be tried.

**Identification of the Parties**

1. Zachary Kirchner ("Kirchner"), was a student at the RLASD from 2019 through April of 2021. *See*, Doc. No. 59

2. Plaintiff Hope Amspacher is the mother of Kirchner. *See*, Doc. No. 59.

3. RLASD is a School District in York County Pennsylvania. *See*, Doc. No. 59.

4. In 2019-2020, Kirchner was in 8th Grade at Red Lion Area School District. *See*, Doc. No. 59.

5. From 2020-2021, Kirchner was in 9th Grade at the Red Lion Area School District. *See*, Doc. No. 59.

**<u>Educational Services Afforded to Kirchner</u>**

6. Plaintiff entered the Red Lion Area School District in August of 2019 as an 8th grader. *See*, the October 22, 2019 Evaluation Report attached hereto as Exhibit "A".

7. Kirchner struggled with behavioral issues in the early part of the 8th grade school year. *See*, the deposition transcript of Tinah Houck at page 63-64 attached hereto as Exhibit "B".

8. Therefore, Kirchner underwent an evaluation to determine if he was eligible for special education services on October 22, 2019. *See*, the October 22, 2019 Evaluation Report attached hereto as Exhibit "A".

9. Kirchner did not exhibit significant discrepancies between his ability and achievement that would identify the needs for special education placement,

however, it was recommended that his educational team meet and discuss behavior supports to implement with Kircher to improve social interaction. *See*, Exhibit "A" at page 21.

10. On November 11, 2019, a 504 Plan was implemented for Kircher. See, 504 Report attached hereto as Exhibit "C".

11. Further, a Functional Behavior Assessment was conducted for Kirchner. *See*, the attached Functional Behavioral Assessment attached hereto as Exhibit "D"

12. A Positive Behavior Support Plan was put in place to address specific behaviors that Kirchner was exhibiting. *See,* DT Houck at page 80 (Exhibit "B")

13. The 504 Plan was put in place to support Kirchner in the academic setting. *See*, the deposition transcript of Tinah Houck at page 77 (Exhibit "B" )

14. As part of that 504 Plan, the following strategies were implemented:

- Sit away from preferred peer
- Check in frequently
- Provide one on one assistance
- Modify assignments
- Chunk assignments
- Allow opportunities to share with peers
- Use nonverbal cues
- Use of teacher proximity
- Give opportunities to draw
- Allow listening to music during independent work

*See,* 504 Report attached hereto as Exhibit "C"

15. As part of the Behavioral Support Plan, Tina Houck would have talked with Plaintiff weekly. *See*, DT Houck at page 94 (Exhibit “B”).

16. Plaintiff testified that she does not recall any instance where the District did not comply with or follow through with the 504 Plan. *See*, the deposition transcript of Hope Amspacher at page 96 attached hereto as Exhibit “E”.

17. The 504 Plan followed Kirchner to the High School when he entered ninth grade. *See*, Pamela Scott notes attached hereto as Exhibit “F”.

18. In addition, Pamela Scott, Kirchner’s guidance counselor, entered into a behavioral contract with Kirchner on September 29, 2020. *See*, Exhibit “F”; *see also*, deposition of Pamela Scott at pages 112-114, attached hereto as Exhibit “G”.

19. In November of 2020, the 504 Plan was reviewed and services under the 504 Plan were continued for Kirchner. *See*, the November 504 Plan attached hereto as Exhibit “H”.

20. On January 13, 2021, Kirchner was reevaluated for Special Education Services. *See*, the January 13, 2021 Evaluation Report attached hereto as Exhibit “I”.

21. Thereafter, Kirchner was determined to qualify for Special Education Services. *See*, Exhibit "I"; see the deposition transcript of Nicole Persing, Ph.D. attached hereto as Exhibit "J".

22. Kirchner qualified for Special Education Services with a diagnosis of emotional disturbance and other health impairment. *Id*.

23. Further, the Emotional Support ("ES") classroom was a place where Kirchner's behavior and academic needs could be addressed. *See*, the deposition transcript of Jenna Knaper attached hereto as Exhibit "K"

24. Kirchner's Individual Education Plan ("IEP") was implemented as of February 10, 2021. *See*, the IEP attached hereto as Exhibit "L"

25. As part of his IEP, it was noted that all seven (7) of Zach's teachers provide him with modifications and accommodation, including preferential seating, extended time for assignments, referrals to the guidance office, use of computer for written work, adapted tests and reduced workload. *See,* the January 13, 2021 evaluation report at page 4 (Exhibit "I"); *see*, IEP (Exhibit "L").

26. As part of Kirchner's IEP, the following services were recommended:

- Preferential seating
- Nonverbal cues to stay on task
- Extended time for tests and quizzes
- Quiet space for test taking
- Breaking large assignments into more manageable size

- Monitoring and frequent checks in for assignments
- Positive behavior support plan
- A place to talk to someone on days that he is experiencing anxiety and depression, with limitations that will be explained to him.
- Teachers to encourage journaling, drawing and deep breathing when experiencing negative emotions in class.
- A point person to provide positive feedback on a daily basis.
- Collaboration between Kirchner's parents, school staff and outside professionals.

*See*, Exhibits "I" and "L".

27. On February 17, 2021, pursuant to a modification of the IEP, Kirchner's schedule was changed. *See*, the February 17, 2021 email attached hereto as Exhibit "M".

28. On March 9, 2021, an IEP conference was held. See, March 9, 2021 IEP Conference summary attached hereto as Exhibit "N".

29. During the March 9, 2021 IEP conference, it was determined that Kirchner would be moved from itinerant support to supplemental support and his Positive Behavior Support Plan would be revised. *See*, Exhibit "N".

30. On March 11, 2020 another IEP meeting was held and as per Kircher request, he was permitted to no longer take health class and during that period he could go to Assistant Principal Rickard's office to catch up on late assignments. *See*, March 11, 2020 IEP meeting notes attached hereto as Exhibit "O".

31. During same meeting, Kirchner requested to be placed in the Therapeutic Emotional Support (TES) classroom. See, Exhibit "O".

32. It was determined that regular education with supplementary aides and services would not provide Kirchner the level of support he needed. *See*, the March 15, 2021 Notice of Recommended Educational Placement attached hereto as Exhibit "P".

33. The TES classroom has a counselor and a higher level of support that the District felt Kirchner needed. *See*, DT Knaper at page 38 (Exhibit "K").

34. In the TES Program, students' needs were met in a much smaller environment, reducing distractions that impacted students from succeeding in a larger environment and provided much more support than the Emotional Support program. *See*, DT Persing at page 107-108 (Exhibit "J").

35. The IEP team felt that the TES program would provide more support to Kirchner as he would have a full-time counselor available to him. *See*, DT Persing at page 108 (Exhibit "J").

36. On March 15, 2021, another IEP meeting was held where the TES team was present. *See*, March 15, 2021 IEP attached hereto as Exhibit "Q".

37. Plaintiff does not recall expressing any concerns about the recommendations made in the IEP meetings. *See*, DT Plaintiff at page 140 (Exhibit "E").

## Kirchner's Alleged Harassment

38. On September 9, 2020, a Skyward report was generated with regard to a student calling Kirchner a "fag". See, Skyward Entry attached hereto as Exhibit "R".

39. Skyward is a computer program used by RLASD that documents, electronically, student discipline and scheduling. *See*, the deposition transcript of Assistant Principal Bill Rickard at page 38 attached hereto as Exhibit "S".

40. Based on the report in Skyward, this student would have received discipline for calling Kirchner a "fag". *See* DT Rickard at page 102, 131 (Exhibit "S").

41. On October 7, 2020, Kirchner reported an incident that occurred outside of school. *See*, October 7, 2020 email attached hereto as Exhibit "T".

42. Specifically, Zach reported that there was an incident outside of school over a sweatshirt and Kirchmer felt threatened that he would get beat up at school. *See,* Exhibit "T".

43. Further, on October 7, 2020, RLASD addressed the concern by having School Resource Officer Marc Greenly accompany Kirchner in school that day. *See*, Exhibit "T"; *see*, DT Scott at page 102 (Exhibit "G").

44. Kirchner would make general reports of bullying while at the RLASD but would not share details. *See*, DT Scott at pages 25-26 (Exhibit "G"); *see*,

December 3, 2020 Student School Profile attached hereto as Exhibits "U"; *see*, December 9, 2020 note attached hereto as Exhibit "V"; *see*, DT Knaper at page 26-27 (Exhibit "K").

45. On December 3, 3020, Pamela Scott prepared a Student School Profile for WellSpan Philhaven, where Kirchner was receiving inpatient mental health treatment. *See*, December 3, 2020 Student School Profile (Exhibit "U").

46. As part of that Profile, Ms. Scott reports that Kirchner, "speaks of bullying but will not share name or any claims." *See*, Exhibit "U".

47. She further states under "School Main Concern or Request" – "if Zach is truly being bullied, we need to know who it is so we can address it. We did meet with one student in late in August, but the bullying occurred in 7th grade, not recent." *See*, Exhibit "U".

48. On December 9, 2020, Pam Scott spoke with Plaintiff who reported that she did not want Kirchner back in school due to bullying. *See*, December 9, 2020 note (Exhibit "V").

49. Ms. Scott wrote down that in a group chat, Kirchner was called "ugly", a "faggot" and to "kill himself". *See*, Exhibit "V".

50. Pam Scott also wrote down "happening in the halls". *See*, Exhibit "V".

51. On January 22, 2021, Pam Scott investigated a report that Kirchner was called a “faggot” and pushed into a locker. *See*, Pam Scott’s notes attached hereto as Exhibit “W”.

52. Pam Scott investigated the incident and learned that the other student did called Zach a “faggot” and threatened to beat him up, but did not push him into a locker. *See*, Exhibit “W”.

53. The investigation also revealed that there was a verbal confrontation between Kirchner and the student. *See*, DT Scott at page 32 (Exhibit “G”).

54. Plaintiff testified that bullying happened via social media, outside the house and at the park across the street from Plaintiff’s home and reported same to Kirchner’s TES counselor Jason Hoffman. *See*, the deposition transcript of Jason Hoffman at page 47 (Exhibit “X”); *see*, Plaintiff deposition at page 67 (Exhibit “E”).

55. Ms. Knaper did witness Kirchner and his peers in the Emotional Support class say horrible things to each other. *See*, DT Knaper at page 27-29 (Exhibit “K”); see, highlighted portion of contact sheet attached hereto as Exhibit “Y”.

56. There were also instances where Kirchner was reported to be bullying other students. See, April 19, 2021 note attached hereto as Exhibit “Z”; see, the

March 10, 2021 email attached hereto as Exhibit "AA"; see March 29, 2021 email attached hereto as Exhibit "BB".

Respectfully submitted,

**MACMAIN LEINHAUSER PC**

Date: October 30, 2026

By: */s/ Tricia M. Ambrose*

David J. MacMain
Tricia M. Ambrose
PA Attorney I.D. Nos. 59320/200411
433 W. Market Street, Suite 200
West Chester, PA 19382
Phone: (484) 318-7016
*Attorneys for Defendant*
*Red Lion Area School District*

## <u>CERTIFICATE OF SERVICE</u>

I, Tricia M. Ambrose, Esquire, hereby certify that on this 30th day of October 2026, a copy of the foregoing *Statement of Facts* is available for viewing and downloading from the electronic filing system for the Eastern District of Pennsylvania. Further, the foregoing pleading was served upon all counsel of record via ECF.

**MACMAIN LEINHAUSER PC**

By: */s/ Tricia M. Ambrose*

David J. MacMain
Tricia M. Ambrose
PA Attorney I.D. Nos. 59320/200411
433 W. Market Street, Suite 200
West Chester, PA 19382
Phone: (484) 318-7016
*Attorneys for Defendant*
*Red Lion Area School District*